

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

October 9, 1962

Affirmed by _C-397_

Honorable Byron L. McClellan
District Attorney
52nd Judicial District
Box 46
Gatesville, Texas

Opinion No. WW-1446

Re: Whether a retired district
     judge as defined by Section
     5a, Article 200a of Vernon's
     Civil Statutes, as amended,
     is entitled to receive the
     per diem allowance authorized
     in Section 2a (4) of said
     Article 200a.

Dear Mr. McClellan:

This opinion is supplementary to our opinion No. WW-1422, dated August 24, 1962, wherein we held that a retired district judge is entitled to the per diem allowance provided for in the 1961 amendment to the Administrative Judicial Districts Act, Article 200a, Vernon's Civil Statutes.

Your most recent question concerns the correctness of that part of the opinion that, in order to qualify for the per diem, the judge must have been assigned to hold court "outside the district and out of the county" wherein he resides. More specifically, must the retired judge go outside his "district" as well as his county in order to qualify.

Having determined that Section 2a (4) of the Act is for the benefit of both "retired" and "active" judges, then the circumstances under which per diem is allowed, as set forth in the Section, apply equally to both classes of judges.

As we so stated in our first opinion, a retired judge has no "district", but for the reasons stated therein, we held that his place of residence determines both his county and his "district" for the purposes of the Act.

In order to receive the per diem, Section 2a (4) says the judges must be required to hold court ". . .outside their own districts and out of their own counties. . ." Two clearly definable geographical areas are mentioned, to wit: a district and a county, joined by the word "and." Thus, the Legislature in defining the circumstances of the grant has specified two conditions and used the conjunctive "and" requiring a simultaneous existance of the two conditions..

We find nothing ambiguous in that portion of the statute quoted above. It seems clear that the Legislature intended for the judge to be serving both outside his county and outside his district in order to receive the additional per diem allowance. Where the language of a statute is unambiguous, and the meaning is clear, the statute must be accorded the effect of its terms. Generally, the word "and" used in a conjunctive sense is never interchangeable with the word "or" used in the disjunctive sense.

For an almost identical situation wherein the Texas Supreme Court ruled on the use of the words "and" and "or", see Board of Insurance Commissioners v. Guardian Life Ins.Co., 142 Tex. 630, 180 S.W.2d 906 (1944).

## S U M M A R Y

A retired district judge, as defined in Section 5a, of Article 200a, Vernon's Civil Statutes, who, under the provisions of said Article is required to hold court outside the district, and out of the county wherein he resides, is entitled to the per diem allowance as provided in Section 2a (4) of said Article.

Very truly yours,

WILL WILSON
Attorney General of Texas

By: Scranton Jones
Assistant

SJ:mkh

APPROVED:
OPINION COMMITTEE
W. V. Geppert, Chairman
Morgan Nesbitt
Frank Booth
Charles Lind

REVIEWED FOR THE ATTORNEY GENERAL
BY: Leonard Passmore